IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ROXANN F.,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>Defendant. | Case No. 1:18-cv-00141-CMR<br><br>MEMORANDUM DECISION AND ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION<br><br>Magistrate Judge Cecilia M. Romero |

Pursuant to 42 U.S.C. § 405(g), Plaintiff Roxann F. (Plaintiff) seeks review of the final decision of the Commissioner of the Social Security Administration (the Commissioner) denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act). The court has thoroughly reviewed the pertinent portions of the record (ECF 9, Certified Administrative Transcript (Tr.)), the parties' briefs (ECF 16 (Pl. Br.); ECF 18 (Def. Br.); ECF 19 (Pl. Reply)), and the parties' positions at oral argument held on March 13, 2020 (ECF 25). The court will affirm the Commissioner's final decision denying Plaintiff's application.

## I. STANDARD OF REVIEW

As the Supreme Court recently reiterated, "[o]n judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The threshold for evidentiary sufficiency under the substantial evidence standard is "not high." *Id.* at 1154. Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a reasonable

1

mind might accept as adequate to support a conclusion." *Id.* (citations and internal quotation marks omitted). Under this deferential standard, the court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). The court's inquiry "as is usually true in determining the substantiality of evidence, is case-by-case," and "defers to the presiding ALJ, who has seen the hearing up close." *Biestek*, 139 S. Ct. at 1157.

If the evidence is susceptible to multiple interpretations, the court "may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation and internal quotation marks omitted). That is, a court must affirm if the ALJ's decision is supported by substantial evidence and the correct legal standards were used, even if the court believes the evidence is "equivocal." *Nguyen v. Shalala*, 43 F.3d 1400, 1403 (10th Cir. 1994).

## II.  BACKGROUND

Plaintiff was 55 years old on her alleged onset date of October 14, 2013 when she fell at work (Tr. 112). She alleged disability due to fecal incontinence, back pain, depression, right arm hand limitations and pain, and right leg limitations and pain (Tr. 112). From 1989 to 2015, she worked full-time as an office manager (Tr. 241). In 2015, she had an InterStim surgically implanted to help with her fecal incontinence (Tr. 578; Tr. 587). From 2015 to 2017, she worked in various part time jobs including as an airport greeter (Tr. 95–96). Before surgery she reported having 4 to 6 accidents of fecal incontinence per day (Tr. 101; Tr. 597; Tr. 574). After the implant, she reported only 2 to 3 spotting accidents per week (Tr. 101; Tr. 574).

2

The ALJ determined Plaintiff had the severe impairments of obesity, degenerative disc disease and osteoarthritis in her lumbar spine, and fecal incontinence (Tr. 14). The ALJ found that her additional impairments of her cervical spine, right hand, right leg, right knee, varicose veins, upper extremities, anemia, pudendal neuropathy, sarcoidosis, depression, and anxiety were non-severe (Tr. 14–16). The ALJ found that her lumbar spine impairment did not meet Listing 1.04 and that there was no applicable listing for her fecal incontinence and obesity (Tr. 17). Next, the ALJ determined she had the residual functional capacity (RFC) to perform medium work with the additional limitation that "[s]he must have ready access to a nearby restroom" (Tr. 17). At step four, the ALJ found that, given this RFC, she was able to perform her past relevant work as an office manager (Tr. 24). The ALJ therefore did not reach step five, concluded that she was not disabled, and denied disability benefits (Tr. 25).

### III. DISCUSSION

Between steps three and four, an ALJ assesses a claimant's RFC, which is the most she can do despite her impairments. 20 C.F.R. §§ 404.1520(a)(4), 404.1545(a)(1), 404.1546(c). The claimant bears the burden of showing that limitations should be included in her RFC assessment. *Clarification of Rules Involving Residual Functional Capacity Assessments*, 68 Fed. Reg. 51,153-01, 51,155 (Aug. 26, 2003) (comments to final rule); *Howard v. Barnhart*, 379 F.3d 945, 948–49 (10th Cir. 2004). Here, the ALJ found that Plaintiff established that she had the RFC to perform medium work that did not require her to more than frequently climb, stoop, or crawl and that allowed "ready access to a nearby restroom" (Tr. 17).

Plaintiff argues that the ALJ erred in the assessment of her RFC in two ways. First, she argues that the ALJ's RFC limitation to "ready access to a nearby restroom" was insufficient to

3

address her incontinence (Pl. Br. 7–8). Second, she argues that the ALJ's assessment of her RFC did not sufficiently account for her non-severe impairments of varicose veins, degenerative disc disease of her neck (cervical spine), and osteoarthritis of her right knee, or her reported difficulty sitting for long periods due to her InterStim device (Pl. Br. 9–12). The court finds neither argument persuasive.

### A. *Incontinence*

The court finds that the ALJ provided adequate reasons to conclude that a limitation to "ready access to a nearby restroom" addressed Plaintiff's incontinence. The ALJ correctly found that there was no neuropathic cause for Plaintiff's incontinence, that Plaintiff's incontinence improved dramatically with placement of the InterStim device, and that Plaintiff did not seek treatment for incontinence after May 2017 (Tr. 20). The ALJ was thus reasonable in concluding that Plaintiff's reported symptoms were inconsistent with other evidence and thus could not support greater RFC limitations.

The court finds the facts of this case distinguishable from the two cases cited by Plaintiff, *Ledesma v. Berryhill*, No. SACV 16-882-AGR, 2017 WL 2347181, at *5 (C.D. Cal. May 30, 2017), and *Shewmake v. Colvin*, No. 15-C-6734, 2016 WL 6948380, at *12 (N.D. Ill. Nov. 28, 2016). Here, unlike *Ledesma*, there is no medical opinion indicating that Plaintiff required more frequent bathroom breaks or immediate access to a restroom. And in *Ledesma*, "the credibility of [the claimant's] reports concerning the frequency and unexpected nature of his bouts of diarrhea [did] not appear to be in dispute." *Id.* Here, the ALJ found that Plaintiff's reported incontinence symptoms were inconsistent with other evidence. Likewise, in *Shewmake*, a treating nurse opined that the claimant needed to take unscheduled breaks and a consultative

examiner opined that the claimant would be unable to work because of his recurrent diarrhea. 2016 WL 6948380, at *3–4. The claimant in *Shewmake* also sought treatment for gastrointestinal issues throughout the relevant period. *Id*. at *9. Here, in contrast, Plaintiff reported only two episodes of incontinence per week, no medical or other opinion suggested a need for unscheduled restroom breaks, and Plaintiff went long periods of time without seeking treatment for incontinence.

Plaintiff primarily relies on her testimony to support additional limitations to her RFC. However, the ALJ's finding that a limitation to ready access to a nearby restroom would address Plaintiff's incontinence was consistent with Plaintiff's own testimony. She testified that she was able to do her job as an airport greeter because she was "able to go to the bathroom, sit near the bathroom" (Tr. 96). Thus, by Plaintiff's own report, proximity to a restroom—and ready access to that restroom—allowed her to work. Plaintiff also relies on treatment notes from Dr. Abby Crume in May 2017 reflecting Plaintiff's reports that "after the implant she still had incontinence that was about the same" with six episodes of fecal incontinence per week (Tr. 688). The ALJ gave adequate reasons for discounting these complaints including that Dr. Crume noted that Plaintiff did not have batteries for the controlling device for her implant, that Dr. Crume gave Plaintiff batteries for the device, and that Plaintiff did not return to Dr. Crume after this (Tr. 21). Therefore, the court is not persuaded that greater limitations in Plaintiff's RFC were necessary to address her fecal incontinence.

  **B.** *Other Impairments*

Turning to the ALJ's consideration of Plaintiff's non-severe impairments, the court finds no merit to her argument that the ALJ did not sufficiently address limitations arising from her

varicose veins, neck pain, knee pain, or reported difficulty sitting for long periods. The ALJ adequately considered all of the medical evidence, including the evidence relevant to the impairments that the ALJ did not find severe at step two. While the court agrees with Plaintiff that the ALJ should not have speculated that her planned varicose vein surgery would resolve her symptoms in less than 12 months after onset (Tr. 15), the court finds any error was harmless because the ALJ gave other reasons for discounting Plaintiff's reported leg pain arising from varicose veins, including objective medical evidence showing normal strength, sensation, and reflexes in her lower extremities (Tr. 18–19). *See Wilson v. Astrue*, 602 F.3d 1136, 1145–46 (10th Cir. 2010) (affirming the ALJ's credibility determination despite finding one of the reasons given by the ALJ was not supported by substantial evidence).

The ALJ also sufficiently considered Plaintiff's neck pain, knee pain, and reported difficulty sitting. The ALJ cited objective medical evidence, Plaintiff's work history, and her inconsistent reports of pain (Tr. 14–16). Moreover, the ALJ stated that he had considered "all symptoms" when he evaluated Plaintiff's functional abilities (Tr. 18). The court takes the ALJ at his word. *See Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007) (noting, in evaluating an ALJ's statement that he considered all of the claimant's symptoms, a general practice of taking a lower tribunal at its word when it declares that it has considered a matter).

## IV. CONCLUSION

In short, the court finds no reversible error in the Commissioner's final decision denying Plaintiff's application for disability benefits. The Commissioner's final decision is therefore affirmed.

DATED this 27 March 2020.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah